Soheyl Tahsildoost (Bar No. 271294)
Mehgan Gallagher (Bar No. 338699)
THETA LAW FIRM, LLP
12100 Wilshire Blvd. Suite 1070
Los Angeles, CA 90025
Telephone: (424) 297-3103
Facsimile: (424) 286-2244
eservice@thetafirm.com

Attorneys for Defendant Mercedes-Benz USA, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICIA GARCIA, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MERCEDES-BENZ USA, LLC, a Delaware Limited Liability Company, and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.: 2:24-cv-8324<br>[County of Ventura Superior Court Case No. 2024CUBCO28383]<br><br>**MERCEDES-BENZ USA, LLC'S, NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441 & 1446; DECLARATION OF MEHGAN GALLAGHER**<br><br>Complaint Filed:   August 8, 2024 |

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Mercedes-Benz USA, LLC ("MBUSA"), by its undersigned attorneys, hereby removes the above-captioned civil action, and all claims and causes of action therein, from the Superior Court of California, County of Ventura, to the United States District Court for the Central District of California.  Defendant MBUSA states as follows:

**Jurisdiction and Authority for Removal**

1)   On August 8, 2024, an action was commenced by Plaintiff ALICIA GARCIA ("Plaintiff") against Defendant MBUSA in the Superior Court of the State of California for the County of Ventura, entitled "ALICIA GARCIA v. MERCEDES-BENZ USA, LLC,

1

**MERCEDES-BENZ USA, LLC'S, NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441 & 1446; DECLARATION OF MEHGAN GALLAGHER**

and DOES 1 through 10, inclusive" ("State Court Case"), Case No. 2024CUBCO28383. The summons and Complaint were served on MBUSA on August 27, 2024. This removal is therefore timely under 28 U.S.C. §1446(b).

2) Attached hereto as **Exhibit A** are all the documents served on the removing Defendant MBUSA in the State Court Case, including a copy of the conformed State Court Case complaint.

3) The Central District of California encompasses County of Ventura. Venue is appropriate based on the fact that this action was filed in County of Ventura and based on the allegations in the Complaint in the State Court Case.

4) This Court has complete diversity jurisdiction over this action. For diversity purposes, a natural person is a "citizen" of the state which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088, 20 1090 (9th Cir. 1983). A natural person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. *Kanter v. Warner-Lambert Co.,* 265 F.3d. 853, 857 (9th Cir. 2001).

5) Plaintiff, at the time this action was commenced, was and still is a citizen of the State of California. The file materials demonstrate Plaintiff is domiciled in California.

6) Defendant MBUSA, at the time this action was commenced, was and still is a limited liability company. The citizenship of a limited liability company for diversity purposes is determined by examining the citizenship of each member of the company. *Johnson v. Columbia Properties. Anchorage, LP,* 437 F.3d 894, 899-900 (9th Cir. 2006); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings,* LLC, 374 F.3d 1020, 1021-22 (11th Cir. 2004). A member of a limited liability company is a person who has been admitted to a limited liability company as a member. *See* Cal. Corp. Code, § 17701.02(p); 6 Del. Code, § 18-101(11).

7) MBUSA is the only named Defendant in this action. (Exhibit A, Complaint.) Defendant MBUSA, at the time this action was commenced, was and still is a limited liability company organized under the laws of the State of Delaware, with its principal

2

**MERCEDES-BENZ USA, LLC'S, NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441 & 1446; DECLARATION OF MEHGAN GALLAGHER**

place of business in the State of Georgia, and was not and is not organized under the laws of the State of California, wherein this action was brought. MBUSA has only one member, Mercedes-Benz North America Corporation ("MBNAC"). MBNAC is a corporation organized under the laws of the State of Delaware with its principal place of business in Michigan. Neither MBUSA nor its sole member is a citizen of the State of California.

8) Complete diversity therefore existed as of the time the action was commenced in state Court and exists at the time of removal. There are no other named defendants that can defeat diversity. "Doe" defendants may be ignored for removal purposes. *See Salveson v. Western State Bank Card Assn.,* 731 F.2d 1423 (9th Cir. 1984).

9) Plaintiff is alleging violations of the Song-Beverly Consumer Warranty Act. Plaintiff alleges that Plaintiff purchased the vehicle, a 2021 Mercedes-Benz GLE350W ("Subject Vehicle") on or about July 22, 2022. (Exhibit A, Complaint ¶ 5.)

10) Plaintiff is seeking replacement or restitution, including the entire price paid or payable for the subject vehicle, incidental and consequential damages, a civil penalty in an amount not to exceed two times the amount of Plaintiff's actual damages pursuant to California Civil Code section 1794 subdivision (c), along with attorneys' fees, and costs of suit. (Exhibit A, Complaint ¶ 22-25, 33-35, P. 9:1-15. ("Prayer for Relief".) Per **Exhibit B**, the amount paid or payable by Plaintiff for the Subject Vehicle under the sales contract is $67,657.97. The amount in controversy requirement may be established by showing that such damages are "facially apparent" from the Plaintiff's Complaint, or by setting forth facts in the notice of removal that support a finding of the requisite amount. See *Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir. 1999).

11) Civil penalties under the Song-Beverly Act are properly included in the amount in controversy. *Brady v. Mercedes Benz,* 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002); *See* also *Chabner v. United of Omaha Life Ins. Co.,* 225 F.3d 1042, 1046, n.3 (9th Cir. 2000) (civil penalties under Cal. Civ. Code§ 52, subd. (a) and punitive damages are included in the amount in controversy). "[W]hen a defendant seeks federal-court

3

**MERCEDES-BENZ USA, LLC'S, NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441 & 1446; DECLARATION OF MEHGAN GALLAGHER**

adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co. v. Owens,* 135 S.Ct. 547, 553 (2014). Additionally, Plaintiff seeks incidental and consequential damages. Plaintiff's civil penalty claim requests a penalty equal to double the amount of the paid or payable damages and incidental and consequential damages. Therefore, the potential liability to MBUSA in this action, assuming a maximum civil penalty award but without any consideration of claimed incidental or consequential damages, and accounting for any buyout of the vehicle is $202,973.91. The amount in controversy of $75,000.00 is met.

12) Typically, attorneys' fees are not considered part of the amount in controversy for diversity purposes. *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1155-56 (9th Cir.1998). However, where an underlying statute, such as the Song-Beverly Act, authorizes an award of attorneys' fees, such fees may be included in calculating the amount in controversy. *See Id.; Morrison v. Allstate lndem. Co.,* 228 F.3d 1255, 1265 (11th Cir.2000). Further, the amount in controversy is an estimate of the amount in dispute, rather than an assessment of the defendant's potential liability. *Lewis v. Verizon Commc'ns, Inc*., 627 F.3d 395, 400 (9th Cir. 2010). Once the party seeking federal jurisdiction provides plausible explanation for how the amount in controversy is met, the matter should remain in federal Court unless Plaintiff cannot possibly recover that amount. *Spivey v. Vertrue*, *Inc*., 528 F.3d 982, 986 (7th Cir. 2008). Additionally, the *Brady* Court also agreed with the line of cases that held that a reasonable estimate of fees likely to be recovered may be used in calculating the amount in controversy. *See Miera v. Dairyland Ins. Co*., 143 F.3d 1337, 1340 (10th Cir.1998); *Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1034-35 (N.D.Cal.2002); *Gerig v. Krause Publications, Inc*., 58 F.Supp.2d 1261, 1265 (D.Kan.1999); *Plus System, Inc. v. New England Network, Inc*., 804 F.Supp. 111, 116-17 (D.Colo.1992). A reasonable estimate of attorneys' fees is also properly included. *Id*. Fee awards in Song-Beverly cases may be substantial, even in cases that are settled without

4

**MERCEDES-BENZ USA, LLC'S, NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441 & 1446; DECLARATION OF MEHGAN GALLAGHER**

trial. *See*, e.g., *Goglin v. BMW of N. Am., LLC*, 4 Cal.App.5th 462, 470 (2016) ($185,214.19 fee); *Gezalyan v. Mercedes-Benz USA, LLC*, 697 F.Supp.2d 1168, 1171 (C.D. Cal. 2010) ($50,404.34 fee).

**Notice to Plaintiff and the Superior Court of Removal of the Civil Action**

13) Defendant MBUSA will promptly serve a copy of this Notice of Removal on counsel for Plaintiff and all parties and will file a copy of this Notice of Removal with the Clerk of the Superior Court of California for the County of Ventura pursuant to 28 U.S.C. § 1446(d).

Dated: September 26, 2024     THETA LAW FIRM, LLP



MEHGAN GALLAGHER
Attorney for Defendant Mercedes-Benz USA, LLC

**MERCEDES-BENZ USA, LLC'S, NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441 & 1446; DECLARATION OF MEHGAN GALLAGHER**

**DECLARATION OF MEHGAN GALLAGHER**

I, Mehgan Gallagher, declare as follows:

1. I am an associate in the law firm of Theta Law Firm, LLP, attorneys of record for Defendant Mercedes-Benz USA, LLC ("MBUSA). This declaration is offered in support of MBUSA's Notice of Removal to the United States District Court for the Central District of California under 28 U.S.C. § 1332, 1441 and 1446. If called as a witness, I could and would competently testify under oath to the following facts of which I have personal knowledge.

2. Defendant MBUSA was served with Plaintiff's Summons and Complaint on August 27, 2024. A true and correct copy of all the documents served on Defendant MBUSA in this action are attached hereto as **Exhibit A**, which includes the Summons and Complaint.

3. Attached hereto as **Exhibit B** is a true and correct copy of the sales contract for Plaintiff's purchase of the subject vehicle.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 26, 2024 at Los Angeles, California.



MEHGAN GALLAGHER

**MERCEDES-BENZ USA, LLC'S, NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441 & 1446; DECLARATION OF MEHGAN GALLAGHER**

# PROOF OF SERVICE

I am over the age of 18, not a party to this action, and employed in the county where this mailing occurred. My business address is 12100 Wilshire Blvd. Suite 1070, Los Angeles, CA 90025. My Eservice address is: eservice@thetafirm.com. On **September 26, 2024,** I served the following documents described as **MERCEDES-BENZ USA, LLC'S, NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441 & 1446; DECLARATION OF MEHGAN GALLAGHER,** as follows:

DAVID N. BARRY, ESQ. (SBN 219230)
THE BARRY LAW FIRM
11845 W. Olympic Blvd., Suite 1270
Los Angeles, California 90064
Telephone: 310.684.5859
Facsimile: 310.862.4539
dbarry@mylemonrights.com
eservicembusa@mylemonrights.com

☐ BY MAIL: I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with proper postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.

☐ BY PERSONAL SERVICE: I delivered such envelope by hand to the individual(s) listed on the above service list.

☒ BY ELECTRONIC TRANSMISSION: I caused to be electronically transmitted such document referenced above to the individual(s) listed on the above service list.

☐ BY FACSIMILE TRANSMISSION: I transmitted the facsimile to the individual(s) listed on the above service list at the facsimile number listed thereon. The telephone number on the facsimile machine I used is (424) 286-2244.

☐ BY OVERNIGHT DELIVERY: I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the person at the above-address. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on **September 26, 2024** at Los Angeles, California.

/s/ Steven Correa
Steven Correa

**MERCEDES-BENZ USA, LLC'S, NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441 & 1446; DECLARATION OF MEHGAN GALLAGHER**